FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 31  AM 9: 02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**05-1206**

| | | |
|---|---|---|
| DAVID S. ADEGBOYE   and | * | |
| ESTHER ADEGBOYE | * | CIVIL ACTION NO.: |
| | * | |
| | * | DIVISION: |
| VERSUS | * | |
| | * | **SECT. M MAG. 5** |
| HSBC MORTGAGE SERVICES, INC. | | |
| | * | SECTION: |

\* \* \* \* \* \* \* \* \* \*

## COMPLAINT

The Complaint of David S. Adegboye and Esther Adegboye, persons of the full age of majority and residents of, and domicile in Jefferson Parish, State of Louisiana (hereinafter, "plaintiffs"), with respect represent:

I.

This Honorable Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331 as the cause of action arises from defendant's violation of federal law - *The Fair Credit Reporting Act*, 15 USC §1681. The action also arises under the laws of the State of Louisiana. Therefore, plaintiffs additionally invoke the pendent jurisdiction of this court to hear and decide claims arising under state law.

II.

Defendant is HSBC Mortgage Services, Inc. (hereinafter, "HSBC"), a foreign corporation authorized to and doing business in the State of Louisiana.

Fee 250.00
Process
X  Dktd
___ CtRmDep
___ Doc. No

III.

In March 2000, plaintiffs' purchased a house in Jefferson Parish with mortgage funds from Washington Mutual. In March 2003, plaintiffs' refinanced with Accredited Home Lenders (hereinafter "Accredited"). In June 2003, Accredited sold plaintiff's mortgage account to HSBC.

IV.

At all material times plaintiffs made regular monthly mortgage payments to Washington Mutual, Accredited and HSBC successively. Plaintiffs' regular mortgage payments to HSBC started in July 2003 in the amount of $1,686.85 per month - the exact amount that was last paid to Accredited.

V.

Plaintiffs continued to pay $1,686.85 per month to HSBC. However, without explanation, HSBC raised the monthly payment due for October 2004 to $4,049.99. HSBC raised the monthly payment due for November 2004 to $4,726.28. HSBC further raised the monthly payment due for December 2004 to $7,176.50, and for January 2005 to $7,263.58 - all amounts allegedly including past due payment amounts that are completely unfounded. Plaintiffs protested the increases but continued to make regular monthly payments of $1,686.85 in good faith, leaving no reason for any allegation of default on their part.

VI.

The increases in plaintiffs' regular monthly payments are not legally or factually warranted at all. The interest rate had not changed. The monthly principal and interest amounts are largely unchanged. There are no penalties justifiably chargeable to plaintiffs' account. Plaintiffs have excellent record of servicing their debt promptly. The years they made payments

to Washington Mutual and Accredited bear this out. This is further confirmed by plaintiffs' payment history with HSBC from July 2003 until October 2004 when HSBC unjustifiably raised the payments as above mentioned.

VII.

At one time HSBC stated that the increases were in error. At other times, it claimed the increases were due to increase in property tax. However, the property tax increased by less than $200 in *one year* and does not provide a support for increasing plaintiffs' *monthly* escrow payment by more than $600 as HSBC has done.

VIII.

HSBC has also tried to pressure plaintiffs to buy flood insurance for a yearly premium of $3,153.15, ignoring the fact that plaintiffs have always maintained a flood insurance on their property with State Farm.

IX.

Plaintiffs believe that the increases in their monthly payment imposed by HSBC as above stated were based on additional flood insurance premium needlessly imposed by HSBC effective October 2004. Following plaintiffs' complaint, HSBC in December 2004, and again in January 2005, acknowledged that the additional flood insurance premium bills were in error and claimed it had made a refund to plaintiffs' account. But this has not been reflected in subsequent billing statements (for January and February 2005) sent to plaintiffs. HSBC is still billing plaintiffs the erroneous increases.

X.

HSBC has furnished false or misleading information to credit reporting agencies about plaintiffs' credit. HSBC reported to Equifax in October 2004 that plaintiffs are delinquent in

making payments. At the material time, HSBC knew or had reason to know that this information was false or misleading. This has damaged plaintiffs' credit. Plaintiffs are unable to obtain loans or credit and are essentially shut out of commerce. Plaintiffs have suffered and continue to suffer actual losses and mental anguish/distress as a result of the action of HSBC.

XI.

HSBC has also furnished this misleading or false information about plaintiffs' credit to a collection agency which has been using unfair and unconscionable practices to collect money which plaintiffs do not owe, adding to the mental anguish of plaintiffs.

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 USC 1681
and Louisiana's La.R.S. 9:3571.1

XII.

By informing credit reporting agencies that plaintiffs were delinquent in paying their debts when, in fact, this was not the case, HSBC has willfully and/or negligently violated its duty of furnishing accurate information to a consumer reporting agency regarding plaintiffs. 15 USC §1681s-2, 15 USC §1681n and 15 USC §1681o; *Scheffer v. Experian Info Solutions, Inc. et al* 249 F.Supp. 2d 560 (E.D. Pa. 2003).

XIII.

On the account of the inaccurate information relating to Plaintiffs that HSBC furnished to the credit reporting agencies, plaintiffs have suffered and continue to suffer actual damage including mental anguish for which HSBC is liable, together with reasonable attorney's fees and cost of this lawsuit. 15 USC §1681n and 15 USC §1681o.

XIV.

HSBC is liable to plaintiffs in punitive damages under 15 USC § 1681n for willful non compliance with the requirements of 15 USC §1681s-2.

VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES
AND CONSUMER PROTECTION LAW  - La. R.S. 51:1402 et seq.

XV.

HSBC's conduct as above stated is unfair, deceptive, predatory, oppressive, unethical, unscrupulous or substantially injurious to plaintiffs, contrary to La. R.S. 51:1402; La. R.S. 51:1405; La. R.S. 51: 1409 which prohibits deceptive and unfair business practices.

XVI.

By HSBC unfair trade practices as stated above, plaintiffs have suffered and continue to suffer ascertainable loss of money, triggering the full range of legal remedies including but not limited to actual damages including restitution and mental anguish, and general damages, attorney's fees and costs against HSBC. La. R.S. 51:1402; La. R.S. 51:1405; La. R.S. 51: 1409.

XVII.

HSBC is liable to plaintiffs in treble damages for willfully engaging in unfair trade practices as stated above and, in particular, for continuing to bill the unfounded additional flood insurance premium to plaintiffs after acknowledging that this was incorrect. La. R.S. 51:1402; La. R.S. 51:1405; La. R.S. 51: 1409.

XVIII.

Plaintiffs are entitled to a trial by jury and hereby request for same.

WHEREFORE, plaintiffs pray that defendant be served and cited to appear and answer the foregoing allegations, and after due proceedings had, there be judgment in favor of plaintiffs and against defendants for the full measure of plaintiffs' damages, together with legal interest, all costs of these proceedings including attorney's fee, and for all other general and equitable relief.

Respectfully submitted:

_____
KENNETH K. ORIE (#27344)
221 North Clark Street
New Orleans, Louisiana 70119
Telephone: 504. 232 7466
Facsimile: 504. 483 0038
Attorney for Plaintiffs

<u>Please Serve</u>

HSBC Mortgage Services, Inc.
Through its registered agent for service
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

A copy of this lawsuit is being sent to the Attorney General of Louisiana, pursuant to La. R.S. 51: 1409(B).

VERIFICATION

STATE OF LOUISIANA
PARISH OF ORLEANS

BEFORE ME, the undersigned authority came and appeared David S. Adegboye and Esther Adegboye, who after being duly sworn, said that they are the plaintiffs in the foregoing Complaint; that they have read said Complaint and all the allegations contained therein are true and correct to the best of their knowledge, information and belief.

_____
DAVID S. ADEGBOYE

_____
ESTHER ADEGBOYE

SWORN BEFORE ME this 28 day of
MARCH, 2005, in New Orleans, LA.

_____
NOTARY

KENNETH K. ORIE
LOUISIANA STATE NOTARY
NOTARY #66860
COMMISSION FOR LIFE

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-1206 SECT. M MAG. 5

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAVID ADEGBOYE
ESTHER ADEGBOYE

**(b)** County of Residence of First Listed Plaintiff  JEFFERSON PARISH, LA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KENNETH K. ORIE (504) 232-7466
221 N. CLARK ST. N.O., LA 70119

## DEFENDANTS
HSBC MORTGAGE SERVICES, INC.

County of Residence of First Listed Defendant  EAST BATON ROUGE, LA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC § 1681 et seq.
Brief description of cause:
INACCURATE CREDIT REPORTING CAUSING DAMAGE; UNFAIR TRADE PRACTICES

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____